UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

THOMAS CLEMENT,

        Plaintiff,

  v.                                           Case No. 07-C-902

MICHAEL J. ASTRUE,

        Defendant.

**ORDER**

      Plaintiff Thomas Clement filed this pro se action seeking review of the decision of the Commissioner of Social Security to deny him social security benefits. He has also filed a motion for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

      Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). An action is considered frivolous if there is no arguable basis for relief either in law or fact. *Neitzke*, 490 U.S. at 325.

In making such determinations, the Court must give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and must accept well-pleaded factual allegations as true. But even pro se allegations must contain at least "some minimum level of factual support." *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). Persons should not be allowed to proceed *in forma pauperis* if their claims are so lacking in specific facts that the Court must invent factual scenarios that cannot be inferred from the pleadings. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988).

Plaintiff has filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not afford the $350 filing fee. The Court is satisfied that he meets the poverty requirements of 28 U.S.C. § 1915.

The Court now turns its attention to the substance of the complaint, in which plaintiff states that he has been denied social security disability status and asks the court to review his case. Plaintiff informs the court that he suffers from chronic pain as the result of back injuries and is unable to work. After the Appeals Council reviewed plaintiff's case and issued an unfavorable decision, plaintiff filed this civil action. This is sufficient to satisfy the requirements of 28 U.S.C. § 1915(e)(2) and to permit the case to proceed. The court has jurisdiction to review final decisions of the Commission of the Social Security Administration under 42 U.S.C. § 405(g).

Plaintiff has also requested that counsel be appointed to represent him in this matter. He claims he lacks the financial resources to hire counsel on his own and asks that the Court appoint an attorney to assist him.

This request will be denied. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). Although the court has the power to request an attorney to represent an indigent litigant, 28 U.S.C.

§ 1915(e)(1), the decision is a discretionary one. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel himself. *Id.* at 1072-73. Once the plaintiff has established that his reasonable efforts to obtain counsel were unsuccessful I may consider a nonexhaustive list of five factors:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

*Id*. at 1072.

Plaintiff does not indicate that he contacted any attorneys but was unsuccessful in obtaining representation. This may be an avenue worth pursuing. If an attorney believes that his case has merit, he or she may agree to represent plaintiff on a contingency fee basis. Attorney's fees, limited to twenty-five percent of past-due benefits, not to exceed $4,000, may be awarded to an attorney who successfully represents a social security benefits claimant. 42 U.S.C. § 406. Attorney fees may also be awarded pursuant to the Equal Access to Justice Act (EAJA) if either the pre-litigation conduct of the Commissioner of Social Security or the Commissioner's litigation position lacked substantial justification. *Cunningham v. Barnhart*, 440 F.3d 862 (7th Cir. 2006). Thus, if he has not done so already, plaintiff may wish to retain counsel on his own.

In the event he is unable to obtain representation in this manner, plaintiff may renew his motion. However, I see no reason why he should not be able to retain counsel on his own, assuming his claim has merit. He may wish to contact the State Bar of Wisconsin's Lawyer Referral and Information Service online at http://www.legalexplorer.com/lawyer/lawyer.asp or by telephone at

3

(800) 362-9082. Because plaintiff has made no showing of any attempt to retain counsel on his own, his request for appointment of counsel will be denied at this time without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's request for the appointment of counsel is **DENIED.**

**IT IS FURTHER ORDERED** that the clerk shall serve a copy of the complaint and this order on the Commissioner of Social Security.

Plaintiff must provide defendants or their counsel with copies of all future motions or papers filed by the plaintiff in this action. Plaintiff should also retain a personal copy of each document. If Plaintiff does not have access to a photocopy machine, Plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the Defendant or to its attorney(s).

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Nothing in this order or in 28 U.S.C. § 1915 precludes the Defendant from moving to dismiss any claim identified in this order as potentially existing in the complaint if the Defendant believes the complaint fails to state a claim upon which relief can be granted or is otherwise defective.

Dated this __15th__ day of October, 2007.

                                s/ William C. Griesbach
                                William C. Griesbach
                                United States District Judge